***E-FILED - 12/15/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANGELO LENA, | ) | No. C 08-4364 RMW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| FEDERAL PUBLIC DEFENDERS, et al., | ) ) | |
| Respondents. | ) ) ) | |

    Petitioner, a Canadian prisoner, filed a motion for appointment of counsel (docket no. 1). Petitioner requests appointment of counsel so that he may initiate proceedings to be transferred to the United States in order to complete his Canadian-imposed sentence, pursuant to a Transfer Treaty between the United States and Canada. See 30 U.S.T. 6263.

    Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "cases" and "controversies." See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus or other substantive pleading, there is no case or controversy for the court to adjudicate. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). Here, petitioner asks the court to appoint counsel to assist him in seeking a transfer back to the United States pursuant to the Treaty between Canada and the United States on the execution of penal

1 sentences.[1]  See 30 U.S.T. 6263.  However, petitioner's request does not present a justiciable

2 controversy on which this court can rule.

3     Accordingly, this case is dismissed.

4     The clerk shall terminate any pending motions and close the file.

5     IT IS SO ORDERED.

6 DATED:  12/11/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] The court notes that the Treaty delineates the proper procedure for initiating transfer proceedings.  See 30 U.S.T. 6263, Article III.  Namely, petitioner should first submit a written application to the "authority of the Sending State.  If the authority of the Sending State approves, it will transmit the application, together with its approval, through diplomatic channels to the authority of the Receiving State."  Id.  It appears that unless and until such application is processed, petitioner is not entitled to appointment of counsel as he believes, pursuant to 18 U.S.C. § 4109.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.08\Lena364disappt.wpd        2